IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JOSHUA MICHAEL COMBS, | ) | CASE NO. 5:20-CV-01028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action[2] by Joshua Michael Combs under 42 U.S.C. § 405 seeking judicial review of the 2019 decision[3] of the Commissioner of Social Security that denied Combs' 2017 application for disability insurance benefits. The Commissioner has answered[4] and filed the transcript of the administrative proceedings.[5] Pursuant to my

---

[1] ECF No. 25. The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge James R. Knepp II.
[2] ECF No. 1.
[3] ECF No. 12 (transcript) at 11-20.
[4] ECF No. 11.
[5] ECF No. 12.

1

amended procedural order of December 15, 2020,[6] the parties have briefed their positions,[7] filed fact sheets[8] and charts,[9] and participated in a telephonic oral argument.[10]

For the reasons that follow, the decision of the Commissioner will be affirmed.

**Facts**

**1.     Background facts, decision of the ALJ**

The relevant facts here are simply stated. Combs, who was 31 at the alleged onset date of February 2017,[11] had been working as a carpenter, landscape laborer, oil and lube technician, and garbage collector when he was injured that February in a motor vehicle accident that put him in the hospital.[12] In the accident Combs sustained a concussion, a right femur (thighbone) fracture, and a right calcaneus (heel bone) fracture.[13] He then underwent surgery for the right femur fracture and was put in a splint for the right calcaneus fracture.[14] He was discharged home with instructions to not put weight on his lower right extremity.[15]

---

[6] ECF No. 16.
[7] ECF Nos. 18 (Combs), 21 (Commissioner), 22 (Combs reply).
[8] ECF No. 18, Attachment (Combs).
[9] ECF No. 21, Attachment 1 (Commissioner).
[10] ECF No. 27.
[11] Tr. at 19.
[12] *Id*. at 16.
[13] *Id*.
[14] *Id*.
[15] *Id*.

2

In a check-up the next month, Combs was not putting weight on his right leg and was using a crutch.[16] He was taking Oxycodone for pain, but claimed it wasn't helping.[17] A physical exam showed good motion in the right hip and knee, no pain with calf palpitation, and intact neuromuscular function.[18] His fractured femur was healing properly.[19]

Later that month (March), Combs had an evaluation of the heel fracture that revealed mild edema.[20] He used a wheelchair for assistance in ambulating.[21] He also underwent open reduction and internal fixation of the right calcaneus fracture and debridement of a fracture of the ankle.[22] There was intact neurological functioning but thereafter he used crutches to ambulate.[23]

Moving into the spring, Combs' calcaneus fracture was healing,[24] although in a May follow-up, he remained non-weightbearing, with pain in his right leg into the foot.[25] As noted, he continued to use crutches but exhibited normal sensation with only mild edema.[26]

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*

Later, he transitioned to a walking boot and worked on range of motion.[27] Imaging at this time showed a healed calcaneus fracture and posttraumatic arthritis.[28]

In May he had an examination for depression and anxiety that followed the accident.[29] There were, as the ALJ noted, "few substantive findings" from this exam, although Combs was prescribed Celexa.[30] At a pain management examination that same month, where he exhibited an antalgic gait and his right leg was in an air cast, he was prescribed Mobic and Acetaminophen-Codeine.[31]

Yet by the next month (June), Combs was ambulating with full weightbearing and "only a very slight limp."[32] He had intact neurovascular functioning and through the summer his condition "was largely stable with well-controlled pain and a normal gait."[33]

With regard to his mental status, Combs had a mental health evaluation in October 2017 where he described dealing with stress related to child custody and other legal issues.[34] He also had issues with pain, had flashbacks to the accident[35] and complained of poor concentration and loneliness.[36]

---

[27] *Id*.
[28] *Id*.
[29] *Id*.
[30] *Id*. at 17.
[31] *Id*.
[32] *Id.*
[33] *Id*.
[34] *Id*.
[35] Combs stated to the consultative psychological examiner in May 2017 that the driver of the other vehicle in the collision "burned to death while I watched." *Id*. at 539.
[36] *Id.*

4

Combs continued counseling into 2018 where he continued to deal with issues related to child custody.[37] He continued in counseling through the spring and summer of 2018 and his mental condition was described as mostly stable.[38] He stopped attending counseling in August because he met his treatment goals.[39]

Combs had an orthopedic examination in November 2018 after another injury.[40] He was weightbearing but there was redness, bruising and pain in his foot due to an injury.[41] Although he had an antalgic gait and some tenderness with motion, he had intact sensation and no edema.[42] He was advised to use his walking boot for a month and to limit activity to relieve pain.[43]

In his 2019 opinion, the ALJ found that Combs had the following severe impairments: fracture of the lower limb/ankle dysfunction/arthritis, depression, posttraumatic stress disorder, and anxiety.[44] However, the ALJ then found that Combs did not meet any relevant listing, with particular attention to Listings 1.06, 12.04 and 12.06.[45]

As to Listing 1.06 (fracture of the femur, tibia, pelvis or one or more tarsal bones), the ALJ found that the fracture healed within twelve months with no subsequent failure of

---

[37] *Id*.
[38] *Id*.
[39] *Id*.
[40] *Id*. Combs stated he was injured when his "son was jumping on the couch and landed on his foot." *Id*. at 801, 803-04.
[41] *Id*.
[42] *Id*.
[43] *Id*.
[44] *Id*. at 13.
[45] *Id*.

5

the healing.[46] Moreover, the ALJ noted that while Combs had used ambulatory aids after surgery, he displayed normal gait and ambulated independently within six months.[47] The ALJ further noted that in 2018 there was antalgic gait after another injury but that this was not ongoing, nor was there further use of ambulatory aids.[48]

As to Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders),[49] the ALJ considered the four elements of the common B criteria of both listings[50] and found that Combs had mild limitations in understanding, remembering and applying information, as well as in interacting with others, while he had moderate limitations with regard to concentrating, persisting or maintaining pace and in adapting or managing oneself.[51] The ALJ also found that the common C criteria were not met because Combs could perform personal care and other daily activities independently and "had sufficient ability to make adjustments to provide care for his young children."[52]

---

[46] *Id*. at 14.
[47] *Id*.
[48] *Id*.
[49] On January 17, 2017 Listing 12.15 replaced Listing 12.06 as the listing applicable to trauma and stressor related disorders, including PTSD. *Compton v. Berryhill*, 2018 WL 37952288, at *4 (W.D. Ky. Aug. 9, 2018). Since Combs was found to have severe impairments of both anxiety and posttraumatic stress disorder, Listing 12.06 would properly be applicable to the anxiety impairment but would no longer apply to posttraumatic stress. Listing 12.04 properly applies to the severe impairment of depression. See, *Cox v. Comm'r*, 2020 WL 8768317, at *3 (W.D. Mich. Dec. 28, 2020), report and recommendation adopted, *Cox v. Saul*, 2021 WL 423119 (W.D. Mich. Feb. 8, 2021).
[50] *Bowman v. Comm'r of Soc. Sec.*, 683 Fed. Appx. 367, 372 (6th Cir. 2017)
[51] Tr. at 14-15.
[52] *Id*. at 15.

As regards opinion evidence, the ALJ gave "weight" to the opinion of a 2017 consultative psychological examiner, Dr. Sudhir Dubey, Psy. D., who described Combs as having anxiety, trouble sleeping and concentrating, and impaired memory, but otherwise had a logical thought process, displayed average cognitive functioning and could understand and carryout multi-step instructions while not having problems dealing with co-workers or work stress.[53]

The ALJ then gave "some weight" to the mental function opinions of state agency consultants.[54] The ALJ concluded that Combs' depression and anxiety resulted in more than the minimal mental limitations opined by the state agency consultants.[55]

The ALJ gave little weight to the physical function opinions of two state agency physicians. He cited update evidence that the combination of physical impairments would restrict Combs to sedentary work, rather than medium work with postural restrictions as stated by the consultants.[56]

The ALJ then gave weight to a statement from Combs' counselor/therapist and the supervisor who attested to Combs' attendance at counseling until August 2018 "but there was [then] no description of any particular limitation."[57]

---

[53] *Id*. at 17.
[54] *Id*.
[55] *Id*. at 17-18.
[56] *Id*. at 18.
[57] *Id*.

7

Finally, the ALJ found that Combs' own claims as to his symptoms and limitations were only partially credible.[58] Specifically, as to Combs' physical condition, the ALJ stated that while Combs did require surgery and subsequent physical therapy for his physical injuries, and experienced some delayed healing of his fractures, "within six months he had returned to full weight-bearing with normal gait."[59] He also noted that Combs had returned to "largely normal neurovascular functioning" with only "one instance of recurrence of symptoms with limited treatment over the past year."[60] As to mental condition, the ALJ noted that Combs had attended counseling and received medication for his depression and anxiety, but further noted that Combs stopped attending counseling when his treatment goal – obtaining custody of his children – was met.[61] The ALJ concluded that Combs has only "relatively modest mental symptoms" that are receiving "effective treatment."[62]

Based on the record, the ALJ found that Combs had the residual functional capacity for sedentary work, with the provision that he can frequently stoop, kneel, crouch, crawl and climb ramps and stairs, but only occasionally climb ladders, ropes, or scaffolds.[63] He also can perform simple, routine tasks.[64]

After finding that Combs could no longer perform any past relevant work and hearing the testimony of a vocational expert, the ALJ determined that, under the terms of

---

[58] *Id.*
[59] *Id.*
[60] *Id.*
[61] *Id.*
[62] *Id.*
[63] *Id.* at 15.
[64] *Id.*

the RFC, Combs could perform the requirements of three jobs – charge account clerk, circuit board tester and eyeglass assembler – which are available nationally in sufficient numbers.[65]

Therefore, Combs was found not disabled.[66]

**Issues for judicial review**

Combs sets forth three issues for judicial review:

    1.    The ALJ committed harmful error when he failed to properly evaluate the evidence documenting [Combs'] severe impairments.[67]

    2.    The ALJ committed harmful error when he failed to find [Combs'] testimony credible and failed to properly consider [Combs'] pain.[68]

    3.    The ALJ committed harmful error when he failed to satisfy his burden at Step Five of the Sequential Evaluation.[69]

---

[65] *Id*. at 19.
[66] *Id*. at 20.
[67] ECF No. 18 at 1.
[68] *Id*.
[69] *Id*.

Analysis

1. **Standard of Review**

This matter is reviewed under the well-established substantial evidence standard, which need not here be restated. Further, the opinion evidence is considered under the new rubric for addressing medical opinions for claims filed after March 27, 2017.[70] Claims as to the evaluation of a claimant's credibility are assessed as set forth by the Sixth Circuit in *Rogers v. Commissioner*.[71]

2. **Application of standards**

(a) **Evidence of impairment**

Essentially, Combs contends that the ALJ erred in finding that his mental impairments of anxiety and posttraumatic stress produced only moderate or mild limitations.[72] He further contends that the ALJ erred in finding that his right leg was stable with well-controlled pain and a normal gait when he continued to have "residual problems with his right foot" despite the fact that the fracture had healed.[73]

In his reply brief, Combs focuses on the fact that he told Dr. Dubey that he had problems with concentration, memory and attention, as well as mood swings, irritability,

---

[70] 20 C.F.R. § 404.1520c.
[71] 486 F.3d 234, 249 (6th Cir. 2007)
[72] ECF No. 18 at 9.
[73] *Id*. at 11.

poor sleep and fluctuating appetite since the accident.[74] He also mentions that he received counseling for trauma.[75] He claims that the ALJ failed to support his conclusions with substantial evidence.[76]

The ALJ gave weight to the opinion of the examining consultant who heard Combs' complaints about concentration and memory, as well as with weight loss, and concluded – in a two-page functional assessment[77] - that he would, in a work environment, (1) be capable of understanding, remembering and carrying out simple instructions; (2) be able to maintain persistence and pace; (3) not have issues dealing with supervisors or co-workers and (4) not have issues with work pressures.[78]

It is well-settled that the functional opinion of an examining source is substantial evidence for the ALJ in formulating an RFC.[79] Thus, Combs' complaint that the ALJ here lacked substantial evidence is not well-taken.

Moreover, the mental health counseling, cited here by Combs, ended in 2018 when Combs achieved his goal in that regard.

Finally, as to physical impairments, the evidence is clear that Combs was disabled for approximately six months due to the auto accident and then again for a month due to

---

[74] ECF No. 22 at 1.
[75] *Id*.
[76] *Id*.
[77] Tr. at 540-41.
[78] *Id*.
[79] See, *Jones v. Saul*, 2021 WL 4342720 (E.D. Ky. Sept. 21, 2021).

11

an incident with his son. As related above in this opinion, the ALJ set out the evidence in this regard carefully and fully. Moreover, there is no other opinion evidence in the record detailing greater limitations as a result of physical impairment. The two state agency physicians actually stated that Combs was capable of medium work, not sedentary as the ALJ found.[80]

Thus, I find no error in how the ALJ evaluated the physical and mental impairments.

**(c)    Credibility**

As the Commissioner observes, Combs in this argument attempts to infer that somehow notes from the Crystal Clinic where he was receiving counseling show that the ALJ was in err about the disabling nature of his pain.[81] Yet, notes from his treating counselor state that in April 2018 Combs was "not having many symptoms at this time",[82] and in May state that he was riding a bike and mowing on a tractor with his son.[83] In addition, Combs told the consulting examining psychologist in 2017 that his anxiety symptoms are only triggered by being in a car.[84]

---

[80] Tr. at 18.
[81] ECF No. 18 at 14.
[82] Tr. at 749.
[83] *Id*. at 743.
[84] *Id*. at 537.

12

Thus, the ALJ had substantial evidence for concluding that Combs' complaints of disabling pain were "only partially consistent with the evidence,"[85] finding the pain to be not disabling.

I find no error in the ALJ assessment of Combs's complaints of disabling pain nor in the ALJ's articulation of his findings.

**(d)  Step Five**

As the Commissioner also observes, Combs' argument that the ALJ erred at Step Five by finding that Combs could perform other work – and thus failing to consider his "continuing pain, nightmares and flashbacks"[86] – is actually an attack on the RFC.[87] As stated above, the RFC is supported by substantial evidence.

**Conclusion**

For the foregoing reasons, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: September 27, 2021                     s/William H. Baughman Jr.
                                              United States Magistrate Judge

---

[85] Id. at 18.
[86] ECF No. 18 at 15.
[87] ECF No. 21 at 7.